**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ROBERT D. TURNER                                                                         PLAINTIFF

V.                         NO: 3:12CV00187 KGB/HDY

MIKE ALLEN *et al.*                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Robert D. Turner, a pre-trial detainee at the Crittenden County Detention Facility, filed a pro se complaint, pursuant to 42 U.S.C. § 1983, on July 20, 2012, naming as Defendants Crittenden County Sheriff Mike Allen, and Crittenden County Detention Facility Administrator Ronnie Coleman, Assistant Administrator Teresa Bonner, and Sgt. Beasley. On December 20, 2012, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #23-#25) Plaintiff filed a response in opposition on January 2, 2013 (docket entry #26).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, on June 23, 2012, he awoke to "slight pain" and burning sensation in his leg, and discovered he was bleeding. Plaintiff was transported to a local hospital where he was told he had a gunshot wound. Plaintiff's leg was x-rayed, a dressing was applied, and Plaintiff was returned to the detention facility. When he arrived at the detention facility, Plaintiff was interrogated about the incident, and Coleman told Plaintiff that a gun had been found inside his cell. Plaintiff asserts that Allen and Coleman later made false public statements that he had shot himself. Plaintiff claims that, after the interrogation, he was taken to the medical pod where everything he purchased from the commissary, and everything which was issued to him, was taken. Plaintiff finally contends that he has received poor medical care for his injury. Plaintiff has in essence raised three claims; that guards failed to protect him from the gunshot wound, that he was denied adequate medical care, and that his personal property was lost or stolen.[1]

Plaintiff was a pre-trial detainee at the time the events complained of took place. Therefore, Plaintiff's claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than

---

[1] It is possible that Plaintiff is also advancing a defamation claim for the allegedly false statements made to the media by Allen and Coleman. To the extent that Plaintiff is attempting to pursue such a claim, the Court notes that defamation does not constitute a cause of action under section 1983. *Clark v. Solem*, 628 F.2d 1120, 1121 (8th Cir. 1980)(internal citations omitted).

the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment. *Id*. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate indifference standard as that applied to conditions of confinement claims made by convicts. *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

Plaintiff first claims that Defendants were deliberately indifferent to dangerous conditions in the jail, which led to his injury from the gunshot. To prevail on a conditions of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906, 907 (8th Cir. 2002)(unpub. per curiam). In defining deliberate indifference, the Court, in *Farmer v. Brennan*, 511 U.S. 825 (1994), explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

There is no dispute that Plaintiff sustained a gunshot wound, and Defendants concede that Plaintiff likely meets the first part of test, requiring a condition that constitutes a risk of substantial harm. However, they contend that there is no evidence that any Defendant was deliberately indifferent to any known risk to Plaintiff's safety. Indeed, Plaintiff himself testified that he does not

4

know if any Defendant knows who shot him, and he does not know if they know how a gun got into the jail (docket entry #25-1, pages #44 & #45). Plaintiff does not know who shot him, nor was he aware of any other inmate having a gun the day of the incident or earlier (docket entry #25-1, pages #11 & #24).[2] Plaintiff also agrees that the detention facility has security measures in place to prevent incidents like the one at issue in this complaint, although he believes they were not followed (docket entry #25-1, pages #53-#54). Given the existence of security measures, and the lack of any evidence indicating that any Defendant disregarded evidence that a firearm had been introduced into the facility, Plaintiff can at most demonstrate negligence, which is insufficient to establish a constitutional violation. *See Prater v. Dahm*, 89 F.3d 538, 541-42 (8th Cir.1996) (prisoner did not allege Eighth Amendment violation where complaint alleged no facts from which inference could be made that prison officials actually knew of, and responded unreasonably to, substantial risk of serious harm from another inmate); *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997) (negligence is not enough to establish Eighth Amendment violation). Additionally, any failure to follow the facility's security measures is not actionable. *See also Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).[3]

Plaintiff also contends that he received poor medical care after the injury. Although Plaintiff was a pre-trial detainee at the time the events giving rise to this complaint occurred, the same Eighth Amendment standards are applied to his inadequate medical care claims as those made by convicted

---

[2] According to an affidavit by Bonner, an investigation of the incident revealed a pistol in a trash bag that had previously hung outside Plaintiff's jail cell. However, it is unknown how the firearm entered the facility, or where it was concealed prior to the incident (docket entry #25-2).

[3] In his response to Defendants' motion, Plaintiff asserts that "other sorts" of contraband had been introduced into the facility, and suggests that Defendants were ignoring the problem. However, the allegations in Plaintiff's complaint that three guards had been arrested for bringing contraband into the jail demonstrates that no Defendant was deliberately indifferent to such problems.

inmates. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006). The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

The evidence indicates that Plaintiff was promptly taken to the hospital after the injury, treated, and released. Plaintiff began receiving medications on June 25, and took all his prescribed medication (docket entry #25-1, pages #34 & #35). Plaintiff has presented no medical evidence that his care was deficient in any way. *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment).[4]

---

[4]In his response to Defendant's motion, Plaintiff argues that his pain medication was delayed. According to Plaintiff's deposition, he received nothing for his pain at the hospital, and was released at about 5 p.m. on June 23, 2012. Plaintiff received pain medication at about 9 a.m. on June 25, 2012 (docket entry #25-1, pages #39 & #40). The short delay in the provision of pain medication does not amount to a constitutional violation. *See Jenkins v. County of Hennepin, Minn.*, 557 F.3d

6

Finally, Plaintiff's assertion that his property was lost or stolen does not state a constitutional claim. *See Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy); *McQuillian v. Mercedes-Benz Credit* Corp., 331 Ark. 242, 247, 961 S.W.2d 729, 732 (Ark.1998) (conversion is a common-law tort action for the wrongful possession or disposition of another's property). *See also Bausley v. Dugan*, 110 Fed.Appx. 736 (8th Cir. 2004)(unpub. per curiam) (prisoner's remedy for property seized in a cell search was state-law action for conversion). Accordingly, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #23) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  16   day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

628, 633 (8th Cir. 2009) (constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish).